## ZONING ADMINISTRATOR OF CARROLL COUNTY *v.* LAWRENCE E. IRELAND, JR.

[No. 685, September Term, 1980.]

*Decided September 4, 1980.*

The cause was argued before GILBERT, C. J., and MORTON and COUCH, JJ.

*John C. Murphy* for appellant.
*Walter H. Madden* for appellee.

MORTON, J., delivered the opinion of the Court.

The immediate issue in this appeal is whether the chancellor, sitting in the Circuit Court for Carroll County, committed an abuse of judicial discretion when he denied on July 11, 1980, the motion of Zoning Administrator of Carroll County, appellant, for an interlocutory injunction against Lawrence E. Ireland, appellee. Through the interlocutory injunction the zoning administrator sought to prevent an alleged violation by Ireland "of the Zoning Ordinance of Carroll County by the holding of an arts and craft — folk festival on July 12 and July 13, 1980, on property in the Conservation Zoning District, such use not being permitted by the regulations for the Conservation Zoning District."

The seminal action which ultimately brought the issue before this Court occurred when the Zoning Administrator for Carroll County refused, on February 11, 1980, to issue a zoning certificate to Ireland authorizing him to conduct an "Irish arts and craft — folk festival" on his 153 acre farm because such an activity was not permitted in the Conservation Zoning District in which the farm is located.

The zoning administrator's refusal to issue the certificate was affirmed by the Carroll County Board of Zoning Appeals on March 18, 1980.

Ireland then appealed to the Circuit Court for Carroll County and that court, in Law No. 24226, affirmed the decision of the Board of Zoning Appeals on May 26, 1980. An appeal from that decision was taken by Ireland to this Court and is now pending.

On June 5, 1980, the zoning administrator filed a petition in the Circuit Court for Carroll County praying that an injunction be issued enjoining Ireland from conducting the arts and craft — folk festival which he proposed to hold on his farm on July 12 and 13, 1980. An order was filed by the court on June 17, 1980, requiring Ireland to show cause by June 30, 1980, why the injunction should not be granted.[1] Ireland filed an answer on June 25, 1980.

---

1. Why it took almost two weeks to sign the show cause order does not appear from the record.

Under date of July 7, 1980, the presiding chancellor addressed a letter to counsel for the zoning administrator with copies to other counsel of record, in which he stated:

"In response to your telephone request of this date this will confirm that the Court will be unable to hold a hearing and consider your request for a permanent injunction prior to July 12, 1980.

It appears from the pleadings that the parties should be afforded a full and complete hearing before the Court decides the underlying issues, and as I have previously indicated, there is nothing in the pleadings which requests or establishes the basis for interlocutory relief."

On the same date counsel for the zoning administrator filed an appeal to this Court from what he deemed to be a refusal by the chancellor "to issue an injunction enjoining the holding of a festival by Respondents [Ireland] on July 12 and July 13, 1980." Under date of July 11, 1980, this Court granted the motion of counsel for the zoning administrator to advance argument and for the immediate transmittal of the record. Oral arguments by counsel for all parties were heard by this Court during the morning of July 11, 1980. On the same date we issued an order on the basis of Maryland Rule 1035 b.1. (see *Jones v. Wright,* 35 Md. App. 313 (1977) and *DiTommasi v. DiTommasi,* 27 Md. App. 241 (1975)), dismissing the appeal "as not allowed by law." Immediately thereafter counsel for the zoning administrator returned to the Circuit Court for Carroll County and filed therein a "Motion for Interlocutory Injunction," seeking to stay the festival at the Ireland farm which was scheduled to begin the next day. Counsel for Ireland apparently made simultaneously an oral motion that the court defer hearing the zoning administrator's motion for the docket entries reflect that the case was called and a hearing was held on Ireland's motion. The motion was granted and "no action taken on Interlocutory Injunction."

At 6 p.m. on July 11, 1980, the zoning administrator filed an appeal to this Court from the action of the chancellor.

This Court convened the same evening and heard oral argument both on the merits of the appeal and the motion of Ireland to dismiss the appeal. Later that evening we passed a per curiam order denying Ireland's motion to dismiss the appeal. We further ordered "that the non-action by the Circuit Court for Carroll County in declining to rule upon the Appellant's motion for an interlocutory injunction be and is hereby interpreted and construed as a denial of that motion and hence immediately appealable. Md. Code Courts Article § 12-303 (c) (3) . . ."

And finally we ordered "that the denial of the motion for interlocutory injunction does not under the circumstances of this case, constitute an abuse of discretion . . . ."

We now set forth the basis for our per curiam order of July 11, 1980.

At the outset it should be observed that the course of conduct pursued by the counsel for the zoning administrator was not of a standard to serve as a model for lawyer-like efficiency. As we have already noted, it is difficult to comprehend why it would take some thirteen days to have a show cause order signed by the court when the festival sought to be enjoined was to be held only about a month hence. It would seem that this litigation would not have ended up in such an emergency-like fashion had counsel promptly importuned the court to sign the show cause order. At the time the original petition for an injunction was filed, there were at least eleven judges in the Fifth Judicial Circuit who were qualified to sign the accompanying show cause order. That the Carroll County resident judge may not have been immediately available, as was indicated at argument, is hardly an excuse for such dilatoriness.

It is not clear why the chancellor refused to take any action upon the motion of the zoning administrator for an interlocutory injunction. As the title of the office indicates, the function of a judge is to judge and it is beyond our understanding why the chancellor below refused to fulfill the role of judge. This Court had no choice but to treat his refusal to pass on the motion for an interlocutory injunction

as a flat denial of the motion. It is for this reason that we entertained the zoning administrator's appeal.

It is, of course, elementary that the denial or granting of an interlocutory injunction is within the sound judicial discretion of a chancellor. *Anne Arundel County, Maryland, et al v. Whitehall Venture et al.,* 39 Md. App. 197 (1978). Here the chancellor was a resident of Carroll County and had the feel and flavor of the community. He was familiar with the course of the prior litigation between the parties and was in a position to assess the impact the festival would have upon the citizens of Carroll County. Sitting here in Annapolis, on the eve of the proposed festival, our knowledge or insight of the festival's impact upon the county could not compare with that of the resident chancellor. After oral argument from all parties we simply were not persuaded that the chancellor had been guilty of an abuse of his discretion in refusing to issue the interlocutory injunction.

*Judgment affirmed; costs to be paid by appellant.*